18-2521-cr
*United States v. Rodriguez-Jimenez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty.

Present:
>           ROBERT A. KATZMANN,
>                   *Chief Judge*,
>           JOSEPH F. BIANCO,
>                   *Circuit Judge*,
>           VICTOR A. BOLDEN,*
>                   *District Judge*.

_____

UNITED STATES OF AMERICA,

>           *Appellee*,

>           v.                                                      18-2521-cr

ALEJANDRO JAVIER RODRIGUEZ-JIMENEZ, AKA ALEJANDRO@DMXTEC.COM, AKA ALEJANDRO@VEGAS1S.COM, ELOY CARDENAS-MORENO, SERGIO URBINA, LEOBARDO TAMEZ, MARCO CORONADO, FILIPPO MAGNI,

>           *Defendants*,

---

* Judge Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

JESUS RODRIGUEZ-JIMENEZ,

*Defendant-Appellant*.

| | |
|---|---|
| For Appellee: | Noah Falk, Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Louis V. Fasulo, Esq., Fasulo Braverman & DiMaggio, LLP, Jeffery M. Cohn, Esq., The Law Offices of Jeffery Cohn, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jesus Rodriguez-Jimenez appeals from a judgment of the United States District Court for the Southern District of New York (Forrest, *J*.), sentencing Rodriguez-Jimenez principally to 360 months' imprisonment after Rodriguez-Jimenez pleaded guilty to conspiracy to commit money laundering and concealment money laundering in violation of 18 U.S.C. § 1956. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Rodriguez-Jimenez first argues that his sentence was procedurally and substantively unreasonable because the district court (1) failed to adequately explain its chosen sentence; (2) failed to consider all relevant 18 U.S.C. § 3553(a) factors; (3) failed to address his "non-frivolous" sentencing arguments; (4) placed unreasonable weight on the need for deterrence at the expense of other mitigating factors; and (5) imposed a sentence greater than necessary to serve the goals of sentencing.

2

In reviewing these challenges, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).[1]  A district court commits procedural error where it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). On a substantive reasonableness challenge, "we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). "We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id.*

Rodriguez-Jimenez's procedural and substantive challenges to his sentence are very likely barred by a waiver of the right to appeal "any sentence at or below the Stipulated Guidelines Sentence of 360 months' imprisonment" contained in his plea agreement. App'x 24. We need not address the enforceability of the waiver, however, because we easily reject his challenges on the merits. The district court's explanation for its within-Guidelines sentence was more than adequate. The district court carefully considered the relevant 18 U.S.C. § 3553(a) factors. It also considered the same mitigating factors that Rodriguez-Jimenez raises on appeal— including his history and characteristics and his cooperation with the government. It simply

---

[1]  Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

determined that these factors were outweighed by aggravating factors, including the magnitude and extent of the money laundering activity at issue and the need for specific and general deterrence. Determining the comparative weight of aggravating and mitigating factors "is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *Broxmeyer*, 699 F.3d at 289. On this record, we have no reason to conclude that Rodriguez-Jimenez's sentence was so "shockingly high" as to be substantively unreasonable. *Id.* Nor has Rodriguez-Jimenez shown that the district court committed procedural error.

Rodriguez-Jimenez also argues that the government violated his Sixth Amendment right to counsel when a government attorney "questioned [him] at a debriefing interview without counsel present." Appellant's Br. 22. Rodriguez-Jimenez likely waived this challenge by failing to raise it below. *See United States v. Ming He,* 94 F.3d 782, 794 (2d Cir. 1996) ("[W]hen a defendant is sentenced—unless he specifically alleges that he was denied the assistance of counsel and asks for a hearing on this subject—the issue is waived."). In any event, Rodriguez-Jimenez cannot show he was prejudiced at sentencing by his counsel's failure to attend the meeting at issue because he admitted the requisite facts forming the basis of his sentence in his plea agreement and at his plea hearing.

We have considered Rodriguez-Jimenez's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4